ELIZABETH A. WOLFORD, United States District Judge
INTRODUCTION
Plaintiff Shawn Green ("Plaintiff") commenced this action on February 7, 2011. (Dkt. 1). Plaintiff filed a Second Amended Complaint on December 26, 2012, alleging various constitutional violations arising out of his incarceration at the Elmira Correctional Facility. (Dkt. 44). Plaintiff named 34 employees of the Department of Corrections and Community Supervision as defendants. (Id. ). On December 23, 2015, this Court granted the defendants' motion to dismiss all defendants except Defendant Schmelzle ("Defendant"), denied Defendant's alternative motion for summary judgment, and denied Plaintiff's cross-motion for summary judgment. (Dkt. 65). Plaintiff then moved for relief from the Court's Decision and Order denying his motion for summary judgment, and moved to strike Defendant's affirmative defenses pursuant to Fed. R. Civ. P. 12(f). (Dkt. 71). The Court denied both motions on September 28, 2016. (Dkt. 81). Now before the Court is Plaintiffs motion for reconsideration, filed on June 23, 2017, of the Court's Decision and Order denying his motion to strike Defendant's affirmative defenses. (Dkt. 89). Defendant filed a response to Plaintiff's motion for reconsideration on July 13, 2017. (Dkt. 93).
DISCUSSION
Plaintiff does not cite the statute pursuant to which he brings this motion for reconsideration. Rule 60(d) provides that Rule 60 "does not limit a court's power" to "(1) entertain an independent action to relieve a party from a judgment, order, or proceeding; (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or (3) set aside a judgment for fraud on the court." Fed R. Civ. P. 60(d). Plaintiff has not filed an independent action; does not allege that he was not personally notified of the action; and does not allege fraud. Accordingly, Rule 60(d) does not apply in this case.
Rule 60(b) provides that the Court "may relieve a party ... from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). The Court's Decision and Order on Defendants' motion to strike cannot be considered a "final order" because it did *20 not adjudicate all of Plaintiff's claims. Thus, Rule 60(b) is also inapplicable here.
Under Rule 54(b), the Court has inherent power to reconsider any of its own entries prior to the entry of judgment adjudicating all the claims. See Fed. R. Civ. P. 54(b) ("[A]ny order or other decision ... that adjudicates fewer than all the claims ... does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). Because Plaintiff is pro se , the Court will liberally construe his motion as requesting relief under the appropriate standard in this case, Rule 54(b).
Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Arizona v. California , 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983). The Second Circuit has "limited district courts' reconsideration of earlier decisions under Rule 54(b) by treating those decisions as law of the case[.]" Official Comm. of Unsecured Creditors of the Color Tile, Inc. v. Coopers & Lybrand, LLP , 322 F.3d 147, 167 (2d Cir. 2003). A district court has "discretion to revisit earlier rulings in the same case, subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." Id. (internal quotation marks omitted). Decisions considered under Rule 54(b)"may not usually be changed unless there is 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.' " Id. (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd. , 956 F.2d 1245, 1255 (2d Cir. 1992).
Plaintiff does not contend that there has been an intervening change in controlling law, or that his motion is based on newly discovered evidence. Rather, Plaintiff simply reasserts the arguments presented in his motion to strike with respect to Defendant's collateral estoppel or res judicata and qualified immunity affirmative defenses. (Dkt. 89 at 5-7). That is not sufficient to justify reconsideration under Rule 54(b). Furthermore, the Court did not clearly err in its order on Defendants' motion to strike, (Dkt. 89), nor does Plaintiff point to a manifest injustice that would compel reconsideration.
Defendant argues that Plaintiff's motion for reconsideration is untimely, citing Local Rule of Civil Procedure 7(d)(3). (Dkt. 93 at 1). That rule pertains to motions for discovery and is inapplicable here. Defendant also argues that Plaintiff has not met the standard for granting a motion to reconsider. (Id. ). The Court agrees. Accordingly, Plaintiff's motion for reconsideration is denied.
CONCLUSION
For the reasons set forth above, Plaintiff's motion for reconsideration of this Court's September 28, 2016, Decision and Order (Dkt. 89) regarding Plaintiff's motion to strike (Dkt. 71) is denied.
SO ORDERED.